United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-10272
Summary Calendar

———————————————

DIRECTV, INC.,

                              Plaintiff-Appellee,

versus

CHARLTON PEPPERS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-994-A
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

        Charlton Peppers appeals following the entry of a default judgment against him.  The district court struck Peppers's four attempts to file an answer to the complaint for failure to comply with the local rules of civil procedure.  Peppers argues that the district court did not consider lesser sanctions before striking his pleadings.

        "Entry of a default judgment is an appropriate sanction when the disobedient party has failed to comply with a court order

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because of willfulness, bad faith, or other fault on its part, as opposed to its inability to comply with the court's order." Technical Chem. Co. v. IG-LO Prod. Corp., 812 F.2d 222, 224 (5th Cir. 1987). The district court warned Peppers that the local rules would be strictly enforced and repeatedly gave him opportunities to correct the various deficiencies before striking the pleadings and entering a default judgment. We conclude that the district court did not abuse its discretion. See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1486 (5th Cir. 1990).

The appellee's motion for sanctions against Peppers pursuant to FED. R. APP. P. 38 and 28 U.S.C. §§ 1912 and 1927 is DENIED.

AFFIRMED; SANCTIONS MOTION DENIED.